NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBY GLEN, LLC, | No. 16-56890 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05505-PA-AS |
| v. | |
| INTERNET CORPORATION FOR ASSIGNED NAMES AND NUMBERS and DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 9, 2018
Pasadena, California

Before: SCHROEDER, M. SMITH, and NGUYEN, Circuit Judges.

Ruby Glen, LLC ("Ruby Glen") appeals the district court's dismissal of its

First Amended Complaint ("FAC") against Internet Corporation for Assigned

Names and Numbers ("ICANN"). We have jurisdiction under 28 U.S.C. § 1291.

"We review de novo dismissals for failure to state a claim under Rule 12(b)(6)."

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003). We affirm.

The district court properly dismissed the FAC on the ground that Ruby Glen's claims are barred by the covenant not to sue contained in the Applicant Guidebook. As the district court found, the covenant not to sue is not void under California Civil Code section 1668. Ruby Glen is not without recourse—it can challenge ICANN's actions through the Independent Review Process, which Ruby Glen concedes "is effectively an arbitration, operated by the International Centre for Dispute Resolution of the American Arbitration Association, comprised of an independent panel of arbitrators." Thus, the covenant not to sue does not exempt ICANN from liability, but instead is akin to an alternative dispute resolution agreement falling outside the scope of section 1668. *See* Cal. Civ. Code. § 1668 ("All contracts which have for their object . . . *to exempt* anyone from responsibility for his own fraud, or willful injury . . . , or violation of law . . . are against the policy of the law." (emphasis added)); *see also Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1527 (9th Cir. 1987) (holding that an "exculpatory clause" does not violate California Civil Code section 1668 where the clause bars suit, but "[o]ther sanctions remain in place"); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to

arbitrate . . . , a party does not forgo [its] substantive rights . . . ; it only submits to their resolution in an arbitral, rather than a judicial, forum.").

The district court also properly rejected Ruby Glen's argument that the covenant not to sue is unconscionable. Even assuming that the adhesive nature of the Guidebook renders the covenant not to sue procedurally unconscionable, it is not substantively unconscionable. *See Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 910 (2015) (explaining that procedural and substantive unconscionability "must *both* be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability" (emphasis in original) (internal quotation marks omitted)); *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347–48 (2015) (holding that procedural unconscionability "may be established by showing the contract is one of adhesion"). Because Ruby Glen may pursue its claims through the Independent Review Process, the covenant not to sue is not "so one-sided as to shock the conscience." *See Walnut Producers of Cal. v. Diamond Foods, Inc.*, 187 Cal. App. 4th 634, 647–48 (2010) (internal quotation marks omitted).

Finally, the district court did not abuse its discretion in denying Ruby Glen leave to amend because any amendment would have been futile. *See Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).[1]

**AFFIRMED.**

---

[1] Ruby Glen raises several additional arguments that it failed to raise below. We decline to consider those arguments because they were raised for the first time on appeal. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).